**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-3456                                  **JURY TRIAL DEMANDED**

DMITRY CHERNYAK, *on behalf of
himself and all others similarly situated,*

Plaintiff,

v.

PREPPERVERSE INC. D/B/A PREPPERBAR,
and GENESIS GOLD GROUP, INC.,

Defendant.

---

**CLASS-ACTION COMPLAINT**

---

**Nature of this Action**

1.      Dmitry Chernyak ("Plaintiff"), individually and on behalf of all others similarly situated, bring this class action against Prepperverse Inc. d/b/a PrepperBar ("PrepperBar") and Genesis Gold Group, Inc. ("Genesis") (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA").

2.      Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3.      Additionally, upon information and good faith belief, Defendants routinely

violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

### Parties

4.      Plaintiff is a natural person who at all relevant times resided in Denver, Colorado.

5.      PrepperBar is a Nevada corporation who operates a precious metals seller business headquartered in Las Vegas, Nevada.

6.      Genesis is a California corporation who operates a precious metals seller business headquartered in Beverly Hills, California.

7.      Upon information and good faith belief, Genesis is the parent company of PrepperBar, and Genesis and PrepperBar share ownership and management, including Jonathan Rose, Jacob Diaz, and Bradley Garrett.

### Jurisdiction and Venue

8.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c), and 28 U.S.C. § 1331.

9.      Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

10.     In particular, Defendants directed their solicitation messages to Plaintiff's telephone to this district, and Plaintiff received Defendants' messages in this district.

**Factual Allegations**

11.      Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(303) 718-XXXX.

12.      Plaintiff uses his cellular telephone as his personal residential telephone number.

13.      In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14.      Plaintiff registered his cellular telephone number with the DNC Registry on March 03, 2005.

15.      Beginning in July of 2024, and continuing through the present on an intermittent basis, Plaintiff received a series of text messages from (424) 966-9084 seeking to sell precious metals:





16.    Plaintiff did not recognize the sender of these text messages, did not previously transact with or inquire with Defendants regarding the purchase of precious metals, and does not seek to acquire precious metals.

17.    Plaintiff is not, and was not, interested in Defendants' services or marketing.

18.    Plaintiff did not give Defendants prior express consent or prior express written consent to send text messages to his cellular telephone number.

19.    The URLs contained within the subject text messages redirect to prepperbar.com, a website owned by PrepperBar.

20.    That website discloses that PrepperBar's communications are sent by, or on behalf of, Genesis:

> Requesting your free gold guide online, you confirm that Genesis Gold Group may send you the free information offered and you are expressly authorizing Genesis Gold Group to contact you at the telephone number submitted, including email, text message, pre-recorded message, ringless voicemail, or automated telephone technology on a recorded line, irrespective of whether or not such telephone number appears in any state or national Do Not Call registries. Precious metals and rare coins are speculative purchases and involve substantial risks. Past performance is no

indication or guarantee of future performance or returns. The decision to purchase or sell precious metals with cash or inside of a Gold Backed IRA, and which precious metals to purchase or sell, are the customer's decision alone, and purchases and sales should be made subject to the customer's own research, prudence, and judgment. Market prices are volatile and unpredictable and may rise and fall over time. Genesis Gold Group does not provide investment advice or tax advice. Please review our terms of service, privacy policy and AML policy.[1]

21.    Moreover, PrepperBar's social media presence directs users to Genesis's website.[2]

22.    And, given that Defendants share ownership and management, upon information and belief, the subject text messages were sent as a joint enterprise by Defendants to solicit precious metals purchases.

23.    Other consumers have complained about similar unwanted text message solicitations from Defendants, including, for example:[3]

---

[1]    https://prepperbar.com/ (last visited December 11, 2024).

[2]    https://www.instagram.com/prepperbar/  (last visited December 11, 2024).

[3]    https://www.trustpilot.com/review/genesisgoldgroup.com?stars=1    (last  visited December 11, 2024).



24.    Upon information and belief, Defendants sent the text messages at issue to Plaintiff's cellular telephone number for non-emergency purposes.

25.    Upon information and belief, Defendants sent the text messages at issue to Plaintiff's cellular telephone number voluntarily.

26.    Upon information and belief, Defendants sent the text messages at issue to Plaintiff's cellular telephone number under their own free will.

27.    Plaintiff did not give Defendants prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

28.    The purpose of the solicitation messages at issue was to advertise and to market Defendants' business or services.

29.    Plaintiff suffered actual harm as a result of the text messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

30.    Upon information and good faith belief, Defendants knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

**Class Action Allegations**

31.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons throughout the United States (1) to whom Prepperverse Inc. or Genesis Gold Group, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Prepperverse Inc.'s or Genesis Gold Group, Inc.'s, or their business partners', goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Prepperverse Inc. or Genesis Gold Group, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

32.     Excluded from the Class is Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

33.     Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

34.     The exact number of members of the Class are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

35.     The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

36.     In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties, including members of the Class.

37.     Plaintiff's claims are typical of the claims of the members of the Class.

38.     As they did for all members of the Class, Defendants delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry.

39.     Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendants.

40.     Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

41.     Plaintiff suffered the same injuries as the members of the Class.

42.     Plaintiff will fairly and adequately protect the interests of the members of the Class.

43.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

44.     Plaintiff will vigorously pursue the claims of the members of the Class.

45.     Plaintiff has retained counsel experienced and competent in class action litigation.

46.     Plaintiff's counsel will vigorously pursue this matter.

47.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

48.     The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

49.     Issues of law and fact common to all members of the Class include:

a.     Defendants' practice of delivering text messages, for solicitation

purposes, to telephone numbers already registered on the DNC

Registry for more than thirty days;

b.      Defendants' conduct, pattern, and practice as it pertains to delivering

advertisement and telemarketing solicitation messages;

c.      Defendants' violations of the TCPA; and

d.      The availability of statutory penalties.

50.     A class action is superior to all other available methods for the fair and

efficient adjudication of this matter.

51.     If brought and prosecuted individually, the claims of the members of the

Class would require proof of the same material and substantive facts.

52.     The pursuit of separate actions by individual members of the Class would,

as a practical matter, be dispositive of the interests of other members of the Class, and

could substantially impair or impede their ability to protect their interests.

53.     The pursuit of separate actions by individual members of the Class could

create a risk of inconsistent or varying adjudications, which might establish incompatible

standards of conduct for Defendants.

54.     These varying adjudications and incompatible standards of conduct, in

connection with presentation of the same essential facts, proof, and legal theories, could

also create and allow the existence of inconsistent and incompatible rights within the

Class.

55.     The damages suffered by the individual member of the Class may be

relatively small, thus, the expense and burden to litigate each of their claims individually

make it difficult for the members of the Class to redress the wrongs done to them.

56.    The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

57.    There will be no extraordinary difficulty in the management of this action as a class action.

58.    Defendants acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Class**

59.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-58.

60.    A text message is a "call" as defined by the TCPA. *See, e.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

61.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62.    Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

63.    Any "person who has received more than one telephone call within any 12-

month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64.    Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65.    Defendants violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

66.    As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.    Determining that this action is a proper class action;

b.    Designating Plaintiff as a class representative of the proposed Class under Federal Rule of Civil Procedure 23;

c.    Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d.  Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5);

e.  Enjoining Defendants from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f.  Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g.  Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

h.  Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i.  Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j.  Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: December 13, 2024            By: */s/ Alex D. Kruzyk*
                                                    Alex D. Kruzyk
                                                    Bryan A. Giribaldo

**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed class*